Learned, P. J.
Joseph B. Reilly made his note to «he order of Thomas Reilly.
Thomas Reilly indorsed it for the maker’s accommodation, Jane E. Reilly next endorsed it for the same accommodation, and subsequently to her George H. Beckwith became third endorser, also for the maker’s accommodation.
To secure George H. Beokwith against liability, Jane E„Reiily executed to him a bond and mortgage, which in form, were for a definite sum.
After the note became payable, the maker paid a part of it and Thomas Reilly the residue; and Poland, the holder of the note, delivered it to Thomas Eeilly. Beckwith, who had paid no part of the note, thereupon assigned the bond and mortgage to Thomas Eeilly.
Thomas Reilly afterwards executed an assignment of the bond and mortgage to one Lawrence Eeilly, and Lawrence Eeilly afterwards executed an assignment thereof to the plaintiff.
The plaintiff commenced this action to foreclose the mortgage. The referee reported in favor of defendant and that the mortgage should be canceled. From the judgment entered on the report the plaintiff appeals.
It should be mentioned that although Joseph B. Reilly *596 joined in the mortgage executed by his wife Jane E., yet it is not disputed that the mortgaged property was hers.
As Beckwith never paid any part of the note and ceased to be liable thereon by the payment of the same by the maker and a prior endorser, he did not after such payment have any right of action on the mortgage. He therefore could transfer no right of action to Thomas Reilly, and Thomas could transfer none to his assignee, nor that transferee to the plaintiff.
It is not shown even that the plaintiff paid anything for the assignment, so that he does not show himself to be a purchaser for value. And, furthermore, a mortgage is not a negotiable instrument. But the purchaser takes subject to all the equities of the mortgagee. This has been repeatedly decided.
Further, Jane E. Reilly was an endorser subsequent to Thomas. Thomas was therefore bound to her for the payment of the note, and could not enforce its payment out of her property. Nor could his assignee. Yet that would be the effect of a recovery in this action.
Jane E. did not undertake to secure Thomas, but only Beckwith. She did not pledge her property for the payment of the note, but only for the security of Beckwith, to whom she, as prior endorser, was liable.
If the mortgage had been given by Joseph B. upon his own property, then many of the equities urged by the plaintiff would have existed. As it was given by Jane E., an accommodation endorser, to one who was a subsequent endorser, no equities arise in plaintiff’s behalf.
Again, if Beckwith had paid the note and thereupon had foreclosed the mortgage and reimbursed himself, such transaction would have been practically a paying of the note by Jane E. Thomas then would as a prior endorser have been hable to her. Clearly then, he cannot now by this indirect method compel her to indemnify him.
The judgment should be affirmed, with costs.
Landón and Wiluams, JJ., concur.